## SHEEDY VS. TINKER.

Judgment for want of an affidavit of defence upon filing a copy of book entries cannot be taken against a married woman who is sued jointly with her husband, without an averment that the goods are necessaries, and were purchased by her.

Error to Common Pleas of McKean County. No. 369 January Term, 1883.

The facts of the case appear in the opinion of the Supreme Court.

Messrs. N. B. Smiley and T. A. Morrison, for plaintiff in error.

Messrs. W. W. Brown and G. L. Roberts, contra.

The Supreme Court reversed the judgment of the Common Pleas on May 25th, 1883, in the following opinion, per

Green, J.:

This was an action against a married woman and her husband, in which it was sought to recover judgment against the wife. An affidavit of claim was filed, and no affidavit of defence being filed, judgment was entered against both defendants for want of an affidavit of defence. An application was made to open the judgment as to the wife, which was refused by the Court below. Subsequently a rule was taken to show cause why the judgment should not be stricken off as to the wife, and this rule was discharged. Error was assigned both to the entry of the judgment and to the action of the Court in discharging the rule to strike off. If the judgment was properly entered, no error was committed; but if it was entered improperly and without legal right, then all the assignments should be sustained. This leads us to consider the sufficiency of the affidavit of claim. Upon inspection we find that it commenced with a copy of book entries headed thus: "Mrs. P. Sheedy bought of Tinker & Duncan." Then follows a statement of items, being for belting, bull rope, belt clamps, casing and tubing, amounting to $644.28. Immediately following these figures is an affidavit of the plaintiffs' book keeper, in which it is alleged that there is due and owing from Patrick Sheedy and Margaret Sheedy, his wife, the sum of $584.28; that no part of it has been paid, and that the charges were correctly copied from plaintiffs' books. There is not a solitary averment in the entire claim of any one of the matters which are absolutely requisite to create a valid debt against the wife. It is not averred that the goods were sold to the wife, or that they were purchased upon her credit or at her instance, or with her knowledge or consent. It is not alleged that they were necessaries, either for the support of her family

or for the improvement of her separate real estate. In addition to this, the only contract that is inferentially asserted is a joint contract of the husband and wife. The affidavit does not allege that the articles furnished were necessary to the improvement of the wife's separate real estate. It is too plain for argument that upon such an affidavit of claim there was no right to enter judgment against the wife, and hence she was not required to file an affidavit of defence. The judgment entered against her was therefore entirely without authority of law, and should have been stricken off on her application. The following are some of the authorities which sustain these views: Murray vs. Keyes, 11 Cas. 384; Berger vs. Clark, 29 P. F. Sm., 340; Lippincott vs. Leeds, 27 P. F. S., 420; Schriffer vs. Saum, 31 P. F. Sm., 385; Kuhns vs. Turney, 6 Norr., 497; Shannon vs. Shultz, Ibid, 481; Steinman & Co. vs. Henderson, 13 Norr., 313. The assignments of error are all sustained..

Judgment reversed and a *procedendo* awarded